## UNITED STATES v. LISTMAN et al.

### (District Court, W. D. Washington, N. D. January 13, 1920.)

### No. 4957.

WAR ⊜4—INDICTMENT UNDER ESPIONAGE ACT HELD NOT TO CHARGE OFFENSE.
   An indictment for publishing articles intended to bring the form of government, the Constitution, and the uniform of the army into contempt, scorn, and contumely, and to incite resistance to the United States when at war, in violation of Espionage Act, § 3, as amended by Act May 16, 1918, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c), *held* not to state an offense in any count.

Criminal prosecution by the United States against George P. Listman, E. B. Ault, F. A. Rust, and the Seattle Union Record Publishing Company, Incorporated. On demurrer to indictment. Demurrer sustained.

Robt. C. Saunders, U. S. Dist. Atty., of Seattle, Wash.

John F. Dore and Mark M. Litchman, both of Seattle, Wash., for defendants.

NETERER, District Judge. This indictment contains eight counts. It charges that on the 4th day of February, 1919, the defendants and the Seattle Union Record Publishing Company, a corporation, with "intent * * * to bring the government of the United States and the Constitution of the United States into contempt, scorn, contumely, and disrepute, did * * * print, write, and publish * * *" the editorial which is set out in count 1 of the indictment in United States v. Strong, and to which a demurrer was to-day sustained.

Count 2 charges that, by the publication of the same article, the defendants "intended to incite, provoke, and encourage resistance to the United States when the United States was at war."

Count 3 charges that the defendants, on September 4th, with intent then and there to bring the uniform of the military and naval forces of the United States into "contempt, scorn, contumely, and disrepute, did * * * publish, * * *" to wit:

"Plutes' Pets are Incorporated.

"Washington, Sept. 4.—The Senate to-day passed the bill incorporating the American Legion without debate or opposition. The measure now goes to the President for his approval."

Count 4 charges that the defendants, on the 18th of September, 1919, "with * * * intent * * * to bring the form of the government of the United States, and the Constitution of the United States, into contempt, scorn, contumely, and disrepute," did publish the following:

"*Revolution is inevitable—You must face it whether you relish it or not.* The question is whether you are so blind that you cannot sacrifice enough at present to help direct it through the channels of peace, or whether you are wise enough to put personal consideration aside.

"You will very probably hug your ill-gotten gains. Throughout history your

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

class have preferred that method. Tyranny and oppression rarely abdicate. *It appears that the world is periodically forced to cleanse itself* in blood.

"But miracles are said to happen. Is small and big business in America to see a little beyond its profits?"

Count 5 charges the defendants, by publishing the article set out in count 4, intended to "incite, provoke, and encourage resistance to the United States when the United States was at war."

Count 6 charges that on November 27, 1919, the defendants intended "to bring the form of the government of the United States into contempt, scorn, contumely, and disrepute" by publishing the following:

"Vitriol and Violets.

"By Alanson Sessions.

"Petro Pierre, a radical of Leavenworth, Kansas, is sentenced to three years' imprisonment for threatening the life of President Wilson. When the Workers' government comes into power, President Wilson will probably get three years for murdering Gene Debs of Atlanta."

Count 7 charges the defendants with intent "to incite, provoke, and encourage resistance to the United States" by publishing the article set out in count 6.

Count 8 charges that the defendants, on November 27, 1919, did, with intent "to bring the military and naval forces of the United States into contempt, scorn, contumely, and disrepute," publish the following:

" 'Germans seek U. S. Army Jobs' says a headline. 'Couldn't find Prussianism elsewhere, I suppose.' "

What was said in the opinion in U. S. v. Strong, 263 Fed. 789, this day filed, with relation to the charges in counts 1 and 2 therein, is applicable here. What relation the charge in count 3 has to "the uniform of the military and naval forces of the United States" is not apparent. If the words have meaning by reason of the existence of some extraneous fact, it must be charged. There is no statement of meaning or innuendo in the pleading of colloquia with any of the language employed, showing identity and legal inference from the published statement.

The statement in count 4 is purely a matter of opinion. There is no statement of a fact. There is nothing which would indicate the natural and probable tendency and effect of the language employed to be calculated to bring the Constitution of the United States into contempt, scorn, contumely, and disrepute. Revolution is said to have a positive and qualified meaning; the one a radical change in the whole system and structure of the government, and the other that of modification only. This article does not advocate revolution, but ventures the opinion that it is unavoidable, and that the facts must be faced, and seeks to direct thought to a consideration of the matter, and concludes by propounding a question.

Count 6 is a scurrilous reference to the President with relation to the imprisonment of two men in the federal prisons for crime of which they were convicted, but there is nothing in the article which would bring the form of the government of the United States into contempt,

scorn, contumely, and disrepute. The fact that it says "When the Workers' government comes into power" does not condemn the article and bring it within the statute. The executive and legislative power is vested upon periodic elections from the citizenry of the United States, and if the "Workers" should, through the ballot, secure control, they would lawfully come into power, and the language set out does not sustain the charge.

What is said as to count 6 has equal application to count 7, because there is nothing said that could "incite, provoke, and encourage resistance to the United States."

What has been said as to count 3 applies to count 8. There is nothing stated, by innuendo or otherwise, which could make this applicable to the military or naval forces of the United States, so as to bring them into contempt, scorn, contumely, or disrepute.

The demurrer is sustained.